UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY M. BREWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 07 CV 2928 (BSJ) |
| v. ) | |
| ) | ECF Case |
| GENERAL MOTORS INVESTMENT ) | |
| MANAGEMENT CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF GENERAL MOTORS
INVESTMENT MANAGEMENT CORPORATION'S
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

James Lee (JL-5641)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800

Robert J. Kopecky
Timothy A. Duffy
John W. Reale
Colleen Sorenson
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000

*Attorneys for Defendant General Motors
Investment Management Corporation*

June 25, 2007

## **INTRODUCTION**

This case is closely related to *Young, et al. v. General Motors Investment Management Corporation, et al.*, Case No. 07 CV 1994 (BSJ) (filed Mar. 8, 2007), which is currently pending before the Court and in which General Motors Investment Management Corporation ("GMIMCo") has concurrently filed a motion to dismiss.[1]  *Young* involves claims against GMIMCo for alleged breaches of fiduciary duties in connection with four defined-contribution retirement plans sponsored by General Motors and its subsidiary Saturn Corporation.  This case involves essentially identical claims against GMIMCo, brought by the same counsel, for the same alleged breaches of fiduciary duties with regard to four defined-contribution retirement plans sponsored by Delphi Corporation.  The vast majority of the allegations in the *Young* and *Brewer* Complaints are word-for-word identical, and the only substantive distinction between them is that one of the investments at issue in the *Young* case is not at issue in the *Brewer* case (and vice-versa).  Even with respect to these two investments, however, the factual and legal issues are, for all practical purposes, the same.

GMIMCo's motions to dismiss the two cases are likewise essentially identical.  In both *Young* and *Brewer* plaintiffs have failed to state claim on which relief can be granted for exactly the same reasons.  Rather than file two separate memoranda in support of its motions to dismiss that duplicate the same arguments, GMIMCo has instead made all of its arguments in its memorandum filed in *Young*.  In this memorandum – which GMIMCo suggests that the Court should read ***after*** having read the *Young* memorandum – GMIMCo reviews the few factual distinctions between the two cases and refers the Court to the arguments made in support of its *Young* motion, which GMIMCo adopts and incorporates herein by reference.

---

[1] This case was originally assigned to Judge Kaplan, but was reassigned to this Court as a related case at the request of the parties.  *See* Ex. A (April 2007 Letter of Gregory Y. Porter).

In *Brewer*, plaintiff claims in Count I that GMIMCo breached its fiduciary duty by allowing four Delphi-sponsored defined-contribution plans to invest in five funds that held only a single equity security ("the Single Equity Funds"). Four of these Funds are essentially identical to the funds at issue in the *Young* case: the EDS Fund, the DIRECTV Fund, the News Corp. Fund, and the Raytheon Fund.[2] The difference is that, where the Funds at issue in *Young* include the Delphi Common Stock Fund, in *Brewer* the Delphi Fund is replaced by the GM Common Stock Fund.[3] Like the plaintiffs in *Young*, the plaintiff in this case claims that the Single Equity Funds were imprudent investments because they were not diversified. Just as in *Young*, however, the claim asserted in Count I of the Complaint should be dismissed because (1) it is time-barred and (2) including the Single Equity Funds among the plans' numerous and diverse investment funds did not violate the obligation that the plans' investments be diversified.

Count II of the *Brewer* Complaint is identical to Count II in the *Young* case, as plaintiff also claims that GMIMCo breached its fiduciary duty by allowing the Delphi plans to invest in the Fidelity Funds. Count II of the Complaint should also be dismissed for same reasons as in *Young*: (1) the claim is barred by the statute of limitations, (2) plaintiff has not stated a viable claim for breach of fiduciary duty, (3) plaintiff has failed to allege loss causation, and (4) the claim is barred by ERISA § 404(c).

---

[2] The GM Plans at issue in *Young* and the Delphi Plans at issue in *Brewer* are not literally invested in the same Single Equity Funds. Each set of plans has its own Single Equity Funds, but they are structured in an identical manner (*e.g.*, both the GM EDS Fund and the Delphi EDS Fund primarily hold only EDS Common Stock).

[3] Both the GM and Delphi Plans sponsor GM and Delphi Funds, but the plaintiffs in the two cases are not bringing claims involving these company stock funds, or "ESOPs," so their claims involving the GM Plans exclude the GM Fund, and their claims involving the Delphi Plans exclude the Delphi Fund.

## BACKGROUND

**The Delphi Savings Plans**

Plaintiff's Complaint purports to state claims with respect to the following defined-contribution pension plans: the Delphi Savings-Stock Purchase Program for Salaried Employees ("the Salaried Plan"), the Delphi Personal Savings Plan for Hourly Rate Employees ("the Hourly Plan"), the ASEC Manufacturing Savings Plan ("the ASEC Plan"), and the Delphi Mechatronic Systems Savings-Stock Purchase Program ("the Mechatronic Plan") (collectively, "the Delphi Plans"). (Cmplt. ¶ 2) According to the Complaint, the assets of all of the Delphi Plans are held in the Delphi Automotive Systems Master Savings Trust ("the Master Trust"), which maintains a number of investments (*id.* at ¶¶ 35-36), including the collective trusts that hold the securities represented by the Single Equity Funds (*id.* at ¶ 57), and a variety of mutual funds, including the Fidelity Funds (*id.* at ¶ 34).

**The Single Equity Funds**

The Delphi Plans were created when Delphi was spun-off from GM in May of 1999, and are "clone plans" of the GM Plans at issue in the *Young* case. (*Id.* at ¶ 39) As with the GM Plans, a portion of the assets of the Delphi Plans have been invested in several single-equity stock funds: The EDS Common Stock Fund, the DIRECTV Common Stock Fund, the News Corp. Non-Voting Common Stock Fund, the GM Common Stock Fund, and the Raytheon Common Stock Fund (collectively, the "Single Equity Funds"). (*Id.* at ¶ 4) These Funds operated in the same manner as the GM Single Equity Funds at issue in the *Young* case. (*See generally* Exs. B & C [4]; *Young* Exs. A & B)

---

[4] Exhibits B & C are Prospectuses, dated January 1, 2004, for the Delphi Salaried Plan and the Hourly Plan, respectively.

**The Fidelity Funds**

The Delphi Plans offered participants the same Fidelity Funds (and Promark Funds) that were offered by the GM Plans at issue in *Young*. (Compare Exs. B & C with *Young* Exs. A & B)

**Plaintiff's Claims**

Plaintiff claims to be a participant in the Salaried Plan. (Cmplt. ¶ 13) She brings the same claims against GMIMCo concerning the Delphi Plans that the *Young* plaintiffs bring concerning the GM Plans. (Compare Cmplt. ¶¶ 87-96 with *Young* Cmplt. ¶¶ 90-99)

## ARGUMENT

**I.    PLAINTIFF'S CLAIM THAT THE SINGLE EQUITY FUNDS WERE IMPRUDENT PLAN INVESTMENTS SHOULD BE DISMISSED.**

Plaintiff's claim that the Single Equity Funds were imprudent investments because they were not diversified fails to the same reasons as plaintiffs' identical claim in *Young*.

*First*, plaintiff's claim in Count I is barred by ERISA's three-year statute of limitations for the same reasons that the claim in *Young* is barred. As in *Young*, there can be no reasonable dispute that ***all*** of the Delphi Plans' (and therefore plaintiff's) investments in the Single Equity Funds were made prior to 2004 – more than three years prior to the filing of this lawsuit. (Cmplt. ¶¶ 39-43) Nor can plaintiff dispute that she had "actual knowledge" of the Plans' investments in the Single Equity Funds at or before the time those investments were made. The prospectuses on which she herself relied in filing her Complaint (*see* Cmplt. at 1) plainly disclosed that the Single Equity Funds were undiversified investments holding the stock of a single company. Prospectuses for the Plans issued as of January 1, 2004, for example, disclosed this information for each of the Single Equity Funds, including the then-recently established News Corp. and DIRECTV Funds. (Ex. B at 11, 23-26; Ex. C at 10, 22-25) Plaintiff thus had "actual knowledge" of all of the facts she now alleges establish a breach of fiduciary duty by

4

GMIMCo more than three years before filing this lawsuit on April 12, 2007, and her claim should therefore be dismissed.

*Second*, plaintiff's diversification argument also fails for the same reasons the claim fails in *Young*: Plaintiff has not alleged that the Delphi Plans' investments as a whole were undiversified, and therefore she has not stated a claim that GMIMCo breached any fiduciary duty in allowing the Plans to invest in the Single Equity Funds.

## II. PLAINTIFF'S CLAIM THAT THE FIDELITY FUNDS WERE IMPRUDENT PLAN INVESTMENTS SHOULD BE DISMISSED.

Plaintiff's claim that the Fidelity Funds were imprudent investments is identical to the claim alleged in Count II of *Young*, and it fails for all the same reasons.

*First*, plaintiff had "actual knowledge" of the fact that the Delphi Plans offered investments in the Fidelity Funds, as well as the fees and expenses associated with such investments, more than three years prior to the filing of this case. This is evidenced by, among other things, the Prospectuses for the Plans (*see* Ex. B at 12; Ex. C at 10-11), and the Performance Summaries sent to participants that detailed the expense ratio for each investment option offered by the Plans. (Ex. D)[5]

*Second*, for the same reasons set out in GMIMCo's memorandum filed in *Young*, plaintiff has alleged no plausible basis for an inference that the fees associated with the Fidelity Funds were unreasonable.

*Third*, plaintiff has failed to state a claim that the expenses and fees associated with the Fidelity Funds caused any damage to the Delphi Plans – again for the same reasons as in *Young*.

---

[5] Exhibit D is a compilation of selected Performance Summaries that were sent to Plan participants along with their quarterly account statements more than three years prior to the filing of this suit. (*See* Ex. B at 34; Ex. C at 33)

5

*Finally*, as in *Young*, plaintiff's claim is barred by ERISA § 404(c) because even if the Delphi Plans suffered any losses, those losses were caused by investment choices made by participants in the Plans.

## CONCLUSION

For the reasons stated above and in GMIMCo's Memorandum in Support of Its Motion to Dismiss filed in the *Young* case, plaintiff's Complaint should be dismissed.

Dated: June 25, 2007				Respectfully Submitted,


				/s/ James Lee_____
				James Lee (JL-5641)
				KIRKLAND & ELLIS LLP
				153 East 53rd Street
				New York, New York 10022
				Telephone: (212) 446-4800

				Robert J. Kopecky
				Timothy A. Duffy
				John W. Reale
				Colleen Sorenson
				KIRKLAND & ELLIS LLP
				200 East Randolph Drive
				Chicago, Illinois  60601
				Telephone:  (312) 861-2000

				*Attorneys for Defendant General Motors Investment Management Corporation*