Duplicate Original

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
APRIL H. YOUNG, ALONZO YOUNG,      :
MICHAEL MATTHEWS, RICK A. JENNINGS,:
individually and on behalf of all  :
others similarly situated,         :
                                   :
                  Plaintiffs,      :    07 Civ. 1994 (BSJ)(FM)
                                   :
             v.                    :    Order
                                   :
GENERAL MOTORS INVESTMENT          :
MANAGEMENT CORPORATION, STATE      :
STREET BANK & TRUST CO.,           :
                                   :
                  Defendants.      :
------------------------------X
------------------------------X
MARY M. BREWER,                    :
                                   :
                  Plaintiff,       :    07 Civ. 2928 (BSJ)(FM) •FILE IN
                                   :
             v.                    :    Order
                                   :
GENERAL MOTORS INVESTMENT          :
MANAGEMENT CORPORATION, STATE      :
STREET BANK & TRUST CO.,           :
                                   :
                  Defendants.      :
------------------------------X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs, April H. Young, Alonzo Young, Michael Matthews, and Rick A. Jennings, bring this action pursuant to Section 502(a)(2)[1] of the Employee Retirement Income Security Act ("ERISA") alleging that defendants, General Motors Investment Management Corporation ("GMIMCo") and State Street Bank & Trust Company ("State Street"), breached their fiduciary duties to the

---

[1] Section 502(a)(2) allows a participant to sue a plan fiduciary for breach of fiduciary duty on behalf of the plan.



Plans. Presently before the Court are Defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the Court finds that the three year statute of limitation bars Plaintiffs' claims in their entirety, both motions to dismiss are granted and Plaintiffs' complaint is dismissed with prejudice.

## BACKGROUND

This lawsuit concerns four defined contribution plans established and sponsored by General Motors Corporation ("GM") to provide retirement income for its employees: (1) the General Motors Savings-Stock Purchase Program for Salaried Employees in the United States ("Salaried Plan"); (2) the General Motors Personal Savings Plan for Hourly Employees in the United States ("Hourly Plan"); (3) the General Motors Income Security Plan for Hourly-Rate Employees ("Income Security Plan"); and (4) the Saturn Individual Savings Plan for Represented Members ("Saturn Plan") (collectively the "GM Savings Plans" or the "Plans"). (Compl. ¶ 2). The GM Savings Plans are defined contribution plans in which separate accounts are maintained for each participant, and the benefits each participant will receive are based on the amount of employer and employee contributions to the participant's account and the investment performance of those contributions. (Compl. ¶¶ 37-38). Plans like these are commonly referred to as 401(k) plans.

2

GMIMCO is designated as the Named Fiduciary for the GM Savings Plans for the purposes of Plan investments. All assets in the GM Plans are held collectively in the General Motors Savings Plans Master Trust ("Master Trust"). Pursuant to the Master Trust Agreement, State Street is the trustee for the Master Trust (Compl. ¶ 39). The Plans' assets in the Master Trust have been invested collectively in various funds. Under the GM Savings Plans, participants could authorize salary deductions to be contributed into the account of the plan in which they participated. Subject to certain restrictions, participants could then allocate the assets in their plan accounts among a variety of investment options offered through the Plan. (Compl. ¶¶ 37-38).

## **PLAINTIFFS' ALLEGATIONS**

In Count I, Plaintiffs claim that GMIMCo and State Street imprudently allowed certain assets of the GM Savings Plans to be invested in funds that held single equities ("Single Equity Funds") as opposed to funds that held many equities. Plaintiffs allege that by offering the Single Equity Funds, Defendants violated ERISA's diversification requirements. Plaintiffs contend that Defendants should have known that such investments exposed the Plans to undue risk. Plaintiffs further assert that as a direct and proximate cause of these breaches of fiduciary duties, the Plans and indirectly Plaintiffs and the Plans' other participants and beneficiaries lost millions of dollars.

Count II of Plaintiffs' complaint alleges that GMIMCo breached its fiduciary duty by allowing the plans to invest in mutual funds offered under the Fidelity brand name (the "Fidelity Funds"). Plaintiffs allege that the investments in the Fidelity Funds carried fees in excess of similar investment products available to large, institutional investors like the Plans and that permitting investments in these funds caused the plans to pay "millions of dollars" that could have been avoided by selecting cheaper, alternative investments.

## DISCUSSION

Plaintiffs filed the instant action in the Southern District of New York on March 8, 2007. Defendants responded with motions to dismiss on June 25, 2007. Defendants seek dismissal of Plaintiffs' complaint, arguing *inter alia*, that the claims asserted therein are time-barred because Plaintiffs had actual knowledge of the facts on which their claim is based more than three years before filing this suit.

### I.  Statute Of Limitations

An ERISA 502(a)(2) claim for breach of fiduciary duty must be brought within the applicable limitations period. ERISA § 413, 29 U.S.C. § 1113 provides that (absent fraud or concealment) a claim for breach-of-fiduciary duty must be brought before the earlier of (1) six years after the date of the last action which constituted a part of the breach or (2) three years after the earliest date on which the plaintiff had

actual knowledge of the breach or violation. See 29 U.S.C. § 1113(2).

A plaintiff has "actual knowledge" of a breach "when he has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act." Caputo v. Pfizer, 267 F.3d 181, 193 (2d Cir. 2001). A plaintiff need not know the law, but instead must only "have knowledge of all facts necessary to constitute a claim." While disclosure of "a transaction that is not inherently a statutory breach of fiduciary duty...cannot communicate the existence of the underlying breach," it follows that where the alleged breach stems from a transaction that a plaintiff claims is "inherently a statutory breach of fiduciary duty," knowledge of the transaction "standing alone" may be sufficient to trigger the obligation to file suit. Caputo, 267 F.3d at 193 (quoting Fink v. National Savings and Trust Co., 772 F.2d 951, 957 (D.C. Cir. 1985)).

### A. Plaintiffs' Claim That the Single Equity Funds Were Imprudent Plan Investments Is Barred by The Statute of Limitations

Here, the gravamen of Plaintiffs' first claim is that it was inherently imprudent for the GM Savings Plans to offer the Single Equity Funds because those Funds were not diversified. (See Compl. ¶ 92). It is undisputed that (1) all of the investments in the Single Equity Funds were made prior to 2004, (2) that the Plan documents provided to participants more than

three years ago accurately described each of the Single Equity Funds as an undiversified fund holding primarily the stock of a single corporation.[2] For example, the February 1, 2004 Prospectuses, on which Plaintiffs relied in their complaint (*See* Compl., p.1), plainly disclose that the Single Equity Funds were undiversified investments primarily holding the stock of a single company. (*See* GMIMCo's Ex A at 26-27; Ex. B. at 23-25). Accordingly, Plaintiffs had actual knowledge of all of the facts that they now allege establish a breach of fiduciary duty by Defendants more than three years prior to filing this lawsuit on March 8, 2007.[3]

---

[2] Because these instruments are referenced and quoted from in the complaint, they are properly considered in connection with this motion to dismiss. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)(stating that a "complaint is deemed to include ... any statements or documents incorporated in it by reference"); *see also Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir.2005) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002))("[w]here a plaintiff has 'reli[ed] on the terms and effect of a document in drafting the complaint,' and that document is thus 'integral to the complaint,' [the court] may consider its contents even if it is not formally incorporated by reference.").

[3] It is true that the amendment to ERISA § 413, replacing the "constructive knowledge" with the "actual knowledge" standard, means that knowledge of facts cannot be attributed to plaintiffs who have no actual knowledge of them. However, establishing "actual knowledge" for the purposes of ERISA § 413, 29 U.S.C. 1113(2), does not, as Plaintiffs contend, require proof that the individual Plaintiffs actually saw or read the documents that disclosed that the Single Equity Funds were undiversified investments. Rather, when determining whether plaintiffs had actual knowledge of a breach for the purposes of ERISA § 413, this Circuit has focused on whether the documents provided to plan participants sufficiently disclosed the alleged breach of fiduciary duty, not whether individual Plaintiffs actually saw or read the documents. *See, e.g., Frommert v. Conkright*, 433 F.3d 254, 272 (2d Cir. 2006); *Caputo v. Pfizer*, 267 F.3d 181 (2d Cir. 2001). Any interpretation of the term "actual knowledge" that would allow a participant to disregard information clearly provided to him/her would effectively provide an end run around ERISA's limitations requirement. As the Seventh Circuit recently explained, "we do not think Congress intended the actual knowledge requirement to excuse willful blindness by a plaintiff." *Edes v. Verison Communications, Inc.*, 417 F.3d 133, 142 (1st Cir. 2005).

### B. Plaintiffs' Claim That The Fidelity Funds Were Imprudent Plan Investments is Barred By The Statute Of Limitations

Likewise, Plaintiffs' claim that GMIMCo breached its fiduciary duty by offering the Fidelity Funds as investment options to Plan participants is barred by ERISA's three year statute of limitations. The allegedly excessive fees that form the central basis of this claim were readily apparent from the information provided to all Plan participants more than three years before Plaintiffs filed this suit. It is undisputed that Plaintiffs had actual knowledge that the Plans offered the Fidelity Funds as investment options[4] and the quarterly performance summaries provided to Plan participants clearly disclosed the fees and expenses associated with the Fidelity Funds, including the fact that the expense ratios for some of the Fidelity Funds were higher than those for alternative investment options.[5] (See GMICo's Ex. E).

### II. Defendants' Other Grounds for Dismissal

Because the Court finds that a sufficient basis exists for dismissal of Plaintiffs' complaint on statute of limitations grounds, it need not address the merits of their claims.

---

[4] All plan participants were regularly provided with prospectuses advising them of the investment options under the Plans (see GMIMCo's Exs. A & B) and no plan assets were invested in the Fidelity Funds except as a result of a participant directing that such an investment be made. (See GMIMCo's Ex. A at 9-12; Ex. B at 7-11).

[5] As explained in the annual prospectuses for the Plans, a "Performance Summary" showing the "operating expense ratios" for each of the funds was mailed to each Plan participant "with each quarterly account statement." (Ex. A at 12; Ex. B at 11). Those Performance Summaries listed the expense ratio of each fund offered by the Plans, including each of the Fidelity Funds, as well as the other non-Fidelity funds offered by the Plans.

### III. The Complaint In Brewer Is Dismissed

Also pending before the Court are motions to dismiss by GMIMCo and State Street in a related case brought by named plaintiff Mary Brewer which was reassigned to this Court at the request of the parties.[6] The primary differences between the two complaints are the named plaintiffs, the plans and the putative class of participants and beneficiaries. The parties are in agreement that there are no material differences between the two actions for the purposes of the pending motions to dismiss.

Accordingly, the Court dismisses the complaint in *Brewer* for the same reasons that it dismissed the complaint in *Young*. Namely, Plaintiffs had "actual knowledge" of the all facts necessary to constitute the claims asserted in their complaint more than three years prior to commencing suit.

### CONCLUSION

For the aforementioned reasons, the complaints in both of the above-caption cases are hereby dismissed without leave to replead.

**SO ORDERED:**

*/s/ Barbara S. Jones*

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         March 24, 2008

---

[6] The *Brewer* action was commenced on April 12, 2007. Defendants filed their respective motions to dismiss on June 25, 2007.